# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JASON CHEVALIER, | * | No. 15-001V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | |
| v. | * | Filed: January 11, 2017 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * *

Ronald C. Homer and Meredith Daniels, Conway, Homer, P.C., Boston, MA, for Petitioner;
Christine M. Becer, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Jason Chevalier filed a motion for attorneys' fees and costs. **Mr. Chevalier is awarded $41,007.97**.

\* \* \*

Mr. Chevalier alleged that the tetanus-diphtheria-pertussis ("Tdap") vaccine caused him to suffer Guillain-Barré syndrome. Mr. Chevalier was awarded compensation based on the parties' stipulation. Decision, filed March 25, 2016, 2016 WL 1567116.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On July 11, 2016, Mr. Chevalier filed the pending motion for attorneys' fees and costs. Mr. Chevalier requested $27,866.10 in attorneys' fees and $16,268.67 in attorneys' costs. On July 28, 2016, the Secretary filed a response. The Secretary did not identify any specific problems but asserted that, based upon similar cases and her experience, a reasonable range for attorneys' fees and costs would fall between $15,000.00 and $25,000.00. Resp't's Resp., filed July 28, 2016, at 3. The Secretary cited two cases in support of her proposed range. The Secretary further suggested that the undersigned exercise his discretion in determining a reasonable award of attorneys' fees and costs within the range she provided. Id.

Mr. Chevalier filed a reply, similar to ones filed in other cases before the undersigned, disagreeing with the Secretary's proposed range. He argues that the Secretary provides no supporting information, such as number of medical records, whether the cases were contested or conceded, the extent and nature of the damages, or the hourly rate billed by petitioners' counsel, to support the assertion that the cases cited are indeed similar to the case at hand. Pet'r's Reply, filed Aug. 8, 2016, at 3. Furthermore, Mr. Chevalier states that the Secretary's range proposal, as opposed to negotiated settlements, has increased litigation for fees. Id. 9-10.

Mr. Chevalier then filed a supplemental motion for fees requesting an additional $604.00 bringing the total request for attorneys' fees and costs to $44,738.77.

The Secretary filed a sur-reply. Resp't's Sur-Reply, filed Sept. 8, 2016. She presented three main arguments. First, the Secretary asserts that the law firm representing Mr. Chevalier, Homer, Conway, P.C., was one of the precipitating factors in the conclusion of negotiated settlements when the firm "unilaterally withdrew" from an agreement regarding hourly rates which allowed for the resolution of fee applications. Without an agreement, the Secretary states that she "cannot stipulate to the reasonableness of a fee award that is based on hourly rates that [the Secretary] believes lack reliable evidentiary support." Id. at 2. Second, the Secretary argues that detailed objections to aspects of the law firm's billing practices have been made in the past which has led to more fee litigation. The Secretary states that this has not led to a change by the law firm and thus providing detailed objections were ineffective. Id. at 3. Lastly, the Secretary asserts that the approach of proposing a range and providing comparable cases is an attempt to assist special masters. Id. at 6.

2

The matter is now ripe for adjudication.

\* \* \*

Because Mr. Chevalier received compensation, he is entitled to an award of reasonable attorneys' fees by right. 42 U.S.C. § 300aa−15(e).

As Mr. Chevalier noted, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Pet'r's Reply at 8-9, Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

\* \* \*

The Secretary did not directly challenge any of the requested rates as unreasonable. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 563423 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), found reasonable hourly rates for attorneys in this law firm. Special Masters, including the undersigned, have followed McCulloch. See Avchen v. Sec'y of Health & Human Servs., No. 14-279V, 2015 WL 9595415 (Fed. Cl. Spec. Mstr. Dec. 4, 2015). Mr. Chevalier's attorneys have billed in accord with the McCulloch rates and the Secretary did not impose any specific objection in her initial response. See Resp't's Resp.[2] The undersigned finds the requested hourly rates reasonable.

---

[2] In the Secretary's sur-reply, she stated that in "McCulloch, the special master awarded hourly rates to the CHCC firm that are contrary to the evidence respondent presented in that case. . . . Simply put, respondent cannot stipulate to the reasonableness of a fee award that is based on hourly rates that respondent believes lack reliable evidentiary support." Resp't's Sur-Reply, filed Sept. 8, 2016, at 2.

If the Secretary believed that the special master in McCulloch erred, then the Secretary could have exercised her right to file a motion for review. Since the Secretary did not file a motion for review, the McCulloch analysis remains intact. The Secretary's unwillingness to accept — even reluctantly — the outcome of a case that it did not challenge through the appellate process is not consistent with the better aspects of the Vaccine Program.

\*   \*   \*

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). The issue of multiple attorney work on one case has been discussed extensively in previous cases. Pernal v. Sec'y of Health & Human Servs. No. 12-667V, 2016 WL 3101820 (Fed. Cl. Spec. Mstr. May 12, 2016); Whitney v. Sec'y of Health & Human Servs., No. 10-809V, 2016 WL 4491499 (Fed. Cl. Spec. Mstr. July 27, 2016). Here, the primary associate was Ms. Meredith Daniels. The work of Ms. Daniels is credited in full.

However, other attorneys, including Mr. Ronald Homer, performed tasks that Ms. Daniels could efficiently perform. For these reasons, the attorneys' fees are reduced by five percent. This is a reduction of $1,393.31.

While the foregoing analysis is the basis for this decision, the undersigned has also considered the cases the Secretary offered as relevant comparisons. The Secretary has identified two cases involving the Tdap vaccine and GBS. Resp't's Resp. at 3. However, the Secretary provided no basis for how she determined why these two cases, of the numerous cases involving Tdap and GBS, should be the basis for comparison.[3] This lack of analysis was not helpful. See Dorego v. Sec'y of Health & Human Servs., No. 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. April 4, 2016).

Lastly, in addition to seeking attorneys' fees, Mr. Chevalier also seeks an award of costs. Most of the costs are relatively routine, such as costs for obtaining

---

[3] One of the two cases is easily distinguishable as the petitioner in that case, by the Secretary's characterization, did not obtain an expert. See Keller v. Sec'y of Health & Human Servs., No. 13-250V, 2014 WL 5358758 (Fed. Cl. Spec. Mstr. Oct. 1, 2014).

medical records, mailings, photocopies, telephone, and the transcript from the hearing. Another set of expenses relate to travel for the hearings. All of these costs are reasonable and documented, and are awarded in full.

The remainder, and bulk, of the costs concern time billed by Dr. Nizar Souayah. Like attorneys' fees, reasonable expert fees are determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. Dr. Souayah seeks a total of $15,087.50. This figure represents 35.5 hours at $425 per hour. The rate is consistent with rates special masters have credited for neurologists. See Brown v. Sec'y of Health & Human Servs., No. 09–426V, 2012 WL 952268, at *11 (Fed. Cl. Spec. Mstr. Feb. 29, 2012) (awarding Dr. Lawrence Steinman, a neurologist based in Stanford, California, $450-$500 per hour).

After a determination about a reasonable hourly rate, the next factor to consider is a reasonable number of hours. Experts, like attorneys, should avoid block billing. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781 (2013).

Here, Dr. Souayah seeks compensation for 35.5 hours. It appears that Dr. Souayah has reviewed Mr. Chevalier's case file, reviewed medical literature, and drafted and revised his expert report. Pet'r's Mot., filed July 11, 2016, tab B at 21. However, Dr. Souayah has not described his activities adequately. Four time entries spanning over a month is insufficient. This brevity does not provide sufficient detail to assess the reasonableness of his work. Dr. Souayah should have described his activities in more detail. See Caves, 111 Fed. Cl. at 780-83 (denying motion for review and rejecting the petitioner's argument that the special master was arbitrary in requiring detailed invoices from an expert). In the undersigned's experience, a reasonable amount of time is 30 hours.

Consequently, Mr. Chevalier is awarded $12,750.00 in compensation for Dr. Souayah's services. This is a reduction of $2,337.50. Therefore, the amount awarded in costs is $13,931.17.

\*      \*      \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $41,007.97 ($27,076.80 in fees and $13,931.17in costs) to be a reasonable amount for all attorneys' fees and costs incurred.

Pursuant to General Order No. 9, Mr. Chevalier states that he personally incurred no costs while pursuing this litigation. The undersigned GRANTS the petitioner's motion and awards $41,007.97 in attorneys' fees and costs. This shall be paid as follows:

> **A lump sum of $41,007.97, in the form of a check made payable to petitioner and petitioner's attorney, Ronald C. Homer, of Conway, Homer, P.C., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.